UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAMON KEITH GADDY, | ) | NO. CV 11-08271 SS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM DECISION AND ORDER** |
| | ) | |
| MIKE McDONALD, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## I.

## INTRODUCTION

On September 19, 2011,[1] Damon Keith Gaddy ("Petitioner"), then a California State prisoner proceeding pro se, constructively filed a

---

[1] Under the "mailbox rule," a pleading filed by a pro se prisoner is deemed to be filed as of the date the prisoner delivered it to prison authorities for mailing, not the date on which the pleading may have been received by the court. See Houston v. Lack, 487 U.S. 266, 270, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988). Here, the Court has calculated the filing date of the Petition pursuant to the mailbox rule because the attached proof of service certifies that Petitioner delivered the Petition to prison officials for mailing on September 19, 2011. (See Petition at 63) (The Court refers to the pages of the Petition as if they were consecutively paginated.).

Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition") pursuant to 28 U.S.C. § 2254. On October 5, 2011, the Clerk of Court issued a Notice of Reference to a United States Magistrate Judge (the "Notice of Reference"). The Notice of Reference was mailed to the High Desert State Prison, which was Petitioner's address of record at the time. On October 12, 2011, Petitioner filed a Notice of Change of Address informing the Court of his new mailing address at a private residence in Chino Hills, California.

On October 14, 2011, the Court issued an "Order To Show Cause Why This Action Should Not Be Dismissed As Untimely" (the "Untimeliness Order") because the Petition appeared to be untimely on its face. The Untimeliness Order was mailed to Petitioner's new address at the private residence in Chino Hills, California. Petitioner was required to file a response by October 28, 2011 if he wished to contest the dismissal of this action. (Untimeliness Order at 6). Petitioner failed to file a response to the Untimeliness Order.

On October 17, 2011, the Court received the Notice of Reference returned from Petitioner's original address at the High Desert State Prison. Similarly, on October 20, 2011, the Court received the Untimeliness Order returned from Petitioner's new address at the private residence in Chino, Hills, California. Thus, on October 24, 2011, the Court issued an Order To Show Cause Why This Action Should Not Be Dismissed For Failure To Provide A Current Address (the "Address Order"). The Address Order was mailed to Petitioner's new address at the private residence in Chino Hills, California. Pursuant to Central District Local Rule 41-6, Petitioner was required to provide the Court

with a current address by November 8, 2011. (Address Order at 2). However, on October 31, 2011, the Court received the Address Order returned from Petitioner's new address at the private residence in Chino, Hills, California. As of today, Petitioner has failed to respond to any of the Court's orders and has failed to provide a current address.

Petitioner has consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).[2] For the

---

[2] "Upon the consent of the parties," a magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case." 28 U.S.C. § 636(c)(1). Here, Petitioner is the only "party" to the instant proceeding and has consented to the jurisdiction of the undersigned United States Magistrate Judge. (Petition at 61). Respondent has not yet been served with the Petition and therefore is not a party to this proceeding. See, e.g., Travelers Cas. & Sur. Co. of Am. v. Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." (internal quotation marks omitted)). Thus, all parties have consented pursuant to 28 U.S.C. § 636(c)(1). See, e.g, Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss prison inmate's action under 42 U.S.C. § 1983 as frivolous without consent of defendants because defendants had not been served yet and therefore were not parties); United States v. Real Property, 135 F.3d 1312, 1317 (9th Cir. 1998) (holding that magistrate judge had jurisdiction to enter default judgment in an in rem forfeiture action even though property owner had not consented to it because 28 U.S.C. § 636(c)(1) only requires the consent of the "parties" and the property owner, having failed to comply with the applicable filing requirements, was not a "party"); see also Patrick Collins, Inc. v. Doe, 2011 U.S. Dist. LEXIS 125671, at *4 n.1 (N.D. Cal. Oct. 31, 2011) ("Here, Plaintiff has consented to magistrate jurisdiction and the Doe Defendants have not yet been served. Therefore, the Court finds that it has jurisdiction under 28 U.S.C. § 636(c) to decide the issues raised in the instant motion(s)."); Third World Media, LLC v. Doe, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011) ("The court does not require the consent of the defendants to dismiss an action when the defendants have not been served and therefore are not parties under 28 U.S.C. § 636(c)."); Kukiela v. LMA Prof'l Recovery Group, 2011 U.S. Dist. LEXIS 85417, at *1 n.1 (D. Ariz. Aug. 1, 2011) ("Plaintiff consented to

reasons discussed below, the Court DISMISSES THIS ACTION WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with Court orders.

## II.

## DISCUSSION

Federal Rule of Civil Procedure 41(b) grants district courts the authority to sua sponte dismiss actions for failure to prosecute or for failure to comply with court orders. See Link v. Wabash R.R., 370 U.S. 626, 629-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). Dismissal, however, is a harsh penalty and is to be imposed only in extreme circumstances. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

In considering whether to dismiss an action for failure to prosecute, the Court must weigh five factors: "(1) the public's interest

---

proceed before a United States Magistrate Judge for all proceedings in this case, including entry of final judgment, pursuant to 28 U.S.C. §636(c)(1). (Doc. 7.) Because Defendant did not appear and establish its standing as a party in this action, the Magistrate Judge has jurisdiction to enter the requested default judgment."); Quigley v. Geithner, 2010 WL 3613901, at *1 (D. Idaho Sept. 8, 2010) ("Plaintiff, the only party appearing in this case, has consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case."); Ornelas v. De Frantz, 2000 WL 973684, at *2 n.2 (N.D. Cal. June 29, 2000) ("The court does not require the consent of defendants in order to dismiss this action because defendants have not been served, and, as a result, are not parties under the meaning of 28 U.S.C. § 636(c).").

in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

**A.   The Five Factors Support Dismissal**

    **1.   Expeditious Resolution And The Court's Need To Manage Its Docket**

In the instant action, the first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—favor dismissal. The Court mailed the Notice of Reference, the Untimeliness Order, and the Address Order to Petitioner's current address of record. However, all of these documents were returned to the Court unopened. Petitioner's failure to provide the Court with a current address hinders the Court's ability to move this case toward disposition and indicates that Petitioner does not intend to litigate this action diligently. As a result, the first two factors favor dismissal here.

    **2.   The Risk Of Prejudice To Respondent**

The third factor—prejudice to the Respondent—also favors dismissal. The risk of prejudice to a respondent is related to the plaintiff's reason for failure to prosecute an action. See Pagtalunan, 291 F.3d at

642 (citing <u>Yourish v. California Amplifier</u>, 191 F.3d 983, 991 (9th Cir. 1999)).

Here, Petitioner has failed to provide the Court with a current address and has not provided any excuse for failing to do so. Where a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal. <u>See</u> <u>Yourish</u>, 191 F.3d at 991-92. Accordingly, the prejudice to Respondent favors dismissal.

### 3. **Less Drastic Alternatives**

The fourth factor—the availability of less drastic alternatives—also favors dismissal. The Court has meaningfully attempted to avoid outright dismissal of this action by granting Petitioner numerous opportunities to respond. The Court initially provided Petitioner fourteen days to respond to the Untimeliness Order. (Untimeliness Order at 6). When that order was returned undelivered from Petitioner's listed address, the Court provided Petitioner fifteen days to respond to the Address Order. (Address Order at 2). Once again, the Court's order was returned undelivered. Central District Local Rule 41-6 allows the Court to dismiss an action with or without prejudice "if mail is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such [petitioner] fails to notify, in writing, the Court and opposing parties of said [petitioner's] current address . . . ." C.D. Cal. L.R. 41-6. Here, Petitioner has failed to provide the Court with a current address within fifteen days of service. Accordingly, the Court is unable to move this

case forward because Petitioner has not received any of the Court's orders. Alternatives other than dismissal do not appear to be appropriate given Petitioner's failure to participate in his own litigation. See Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.").

### 4. Public Policy Favoring Disposition On The Merits

The fifth factor—the public policy favoring the disposition of cases on their merits—ordinarily weighs against dismissal. However, it is the responsibility of the moving party to prosecute the action at a reasonable pace, and to refrain from dilatory and evasive tactics. See Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991). Petitioner's failure to update his address is evidence that he does not intent to prosecute this action at a reasonable pace. Under these circumstances, the public policy favoring the resolution of disputes on the merits does not outweigh Petitioner's failure to file responsive documents.

### B. Dismissal Of This Action Is Appropriate

For the stated reasons, the Court concludes that dismissal of this action is warranted under Rule 41(b), which states:

> [A] dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join

a party under Rule 19--operates as an adjudication
on the merits.

Fed. R. Civ. P. 41(b).

The Court concludes that dismissal of this action is appropriate due to Petitioner's failure to prosecute and obey Court orders. As this case does not fall into one of the three exceptions noted above, the dismissal will operate as an adjudication on the merits. The dismissal will thus be with prejudice to Plaintiff's refiling of a new petition based on the same underlying conviction. See Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) (dismissal interpreted as an adjudication on the merits unless one of the Rule 41(b) exceptions applies); Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 714 (9th Cir. 2001) (dismissal for failure to prosecute is treated as an adjudication on the merits) (citing United States v. Schimmels (In re Schimmels), 127 F.3d 875, 884 (9th Cir. 1997)).

### III.
### CONCLUSION

IT IS ORDERED THAT Judgment shall be entered dismissing this action with prejudice for failure to prosecute and obey Court orders.

DATED: November 9, 2011.

/S/
_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE